UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOEY KILLS PLENTY,<br><br>Defendant. | 3:25-CR-30101-ECS<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

On May 1, 2026, pursuant to the Fifth and Sixth Amendments, Defendant Joey Kills Plenty moves to dismiss the Indictment because the discovery of jail phone calls provided to defense counsel on April 29, 2026, included "22 recorded calls between Kills Plenty and the office of the Federal Public Defender for the District of South Dakota, including conversations with defense counsel." Doc. 39 at 1. During the evidentiary hearing, this Court orally ruled that Defendant's Motion to Dismiss, Doc. 39, is denied. This Court memorializes its ruling in this Order.

For determining whether there is a "colorable claim of outrageousness pertaining to alleged governmental intrusion into the attorney–client relationship" in the context of the Fifth Amendment Due Process Clause, the Eight Circuit applies a three-prong test: "(1) the government's objective awareness of an ongoing, personal attorney-client relationship between its informant and the defendant; (2) deliberate intrusion into that relationship; and (3) actual and substantial prejudice." United States v. Williams, 720 F.3d 674, 686 (8th Cir. 2013) (quoting United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 1996)). "To establish a sixth amendment

violation, a criminal defendant must show two things: first, that the government knowingly intruded into the attorney-client relationship; and second, that the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice." United States v. Romanyshyn, No. CR. 08–50062–01–KES, 2009 WL 3673094, at *4 (D.S.D. Oct. 30, 2009) (quoting United States v. Singer, 785 F.2d 228, 234 (8th Cir. 1986)). "[T]he intrusion must be purposeful." Id. at *5 (citing Singer, 785 F.2d at 234). "A defendant is deemed to have been prejudiced if the substance of the recorded conversations was of some benefit to the government or if the representation the defendant received or the proceedings leading to the conviction were adversely affected by the intrusion." Id. at *4 (citations omitted).

Both counsel for the United States and counsel for the Defendant do not dispute the existence and awareness of an ongoing attorney-client relationship between Assistant Federal Public Defender Tim Maher and the Defendant.

The testimony elicited at the evidentiary hearing shows that any intrusion into the attorney-client relationship was not deliberate or purposeful. Rosebud Sioux Tribe Law Enforcement Services Supervisory Special Agent Richard Kumley testified under oath at an evidentiary hearing that he did not deliberately attempt to receive recordings of conversations between the Defendant and his counsel. SA Kumley testified that he provided the information that he received to the United States Attorney's Office for scrubbing. Thus, the evidence does not show that the Government engaged in a deliberate or purposeful intrusion.

This evidence also does not show prejudice. SA Kumley testified that he did not listen to the calls between defense counsel and the Defendant. Counsel for the United States represented to the Court that "[n]o member of the United States Attorney's office listened to any calls with the Federal Public Defender's number." Doc. 41 at 2. Accordingly, as the record now stands, no

2

individual employed by or related to the Government in any way has reviewed the phone calls at issue.

This is not a trivial matter.  The Court recognizes that significant concern arises when conversations between defense counsel and the Defendant are recorded and provided to the United States.  But the Defendant has not shown that any intrusion was deliberate nor has the Defendant shown prejudice and for that reason Defendant's Motion to Dismiss is denied.  By so concluding, the Court does not condone the Government's actions.  Procedures must be in place to prevent this from happening again.  The sanctity of attorney-client communications must be respected and protected.  In this case, however, no prejudice has been shown, and the Defendant is not entitled to the extraordinary remedy of dismissal.

Accordingly, it is

ORDERED that Defendant's Motion to Dismiss, Doc. 39, is denied.  It is further

ORDERED that all copies of phone conversations between the Defendant and his counsel—including copies contained on the Government's server and copies contained on flash drives—must but sanitized forthwith.  It is finally

ORDERED that evidence from recorded conversations between defense counsel and the Defendant are suppressed.

DATED this 5_th day of May, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3